UNITED STATES DISTRICT COURT      PRIORITY SEND
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.    **CV 05-6588-JFW (JTLx)**          Date: September 26, 2005

Title:     HERBALIFE INTERNATIONAL OF AMERICA, INC. -v- STEADFAST INSURANCE COMPANY, INC, et al.

---

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                           None

**PROCEEDINGS (IN CHAMBERS):**    ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

On September 7, 2005, Plaintiff Herbalife International of America, Inc. ("Plaintiff") filed a complaint against Defendant Steadfast Insurance Company, Inc. ("Defendant"), alleging that this Court has subject matter jurisdiction over this action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Specifically, Plaintiff alleges that "Herbalife is a corporation incorporated under the laws of the State of Nevada having its principal place of business in the State of California and defendant Steadfast Insurance Company is a corporation under the laws of Delaware having its principal place of business in a State other than the State of California. The matter in controversy exceeds 75,000, exclusive of interest and costs." Complaint at ¶ 1.

It is apparent from the foregoing that Plaintiff simply does not know where Defendant has its principal place of business. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Without an affirmative allegation as to the principal place of business of Defendant, Plaintiff has failed to establish and the Court is unable to determine whether it has subject matter jurisdiction over this action.

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than October 3, 2005, why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause

DOCKETED ON CM
SEP 27 2005
BY _____ 083

Page 1 of 2            Initials of Deputy Clerk _____

If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before October 3, 2005, the Court will consider that a satisfactory response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.